■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIANO GALARZA, Appellant. [874 NYS2d 83]—

Judgment, Supreme Court, New York County (Gregory Carro,

J.), rendered November 13, 2007, convicting defendant, after a jury trial, of petit larceny and two counts of jostling, and sentencing him to an aggregate term of two years, unanimously affirmed.

The court properly exercised its discretion in admitting evidence of a prior incident bearing significant similarities to the charged crimes, including the use of juvenile accomplices to steal a woman's purse. This evidence was probative of defendant's intent and knowledge in both the larceny and jostling counts, as well as the absence of mistake in the jostling counts, and its probative value outweighed its prejudicial affect (*see People v Alvino*, 71 NY2d 233, 241 [1987]). "Evidence of uncharged crimes is not barred merely because the People are able to establish their case without it; they are entitled to present all the admissible evidence available to them . . . There is ample case law to support the proposition that uncharged crime evidence may be used to support testimony that otherwise might be unbelievable or suspect." (*People v Steinberg*, 170 AD2d 50, 73-74 [1991], *affd* 79 NY2d 673 [1992] [citations omitted].) Moreover, any such prejudice was minimized by the court's proper limiting instruction. Defendant's challenge to the instruction is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. Concur—Tom, J.P., Andrias, Nardelli, Buckley and DeGrasse, JJ.